| | |
|---|---|
| CHARLES WILSON, | |
| Plaintiff, | No. 20 C 4604 |
| v. | Judge Thomas M. Durkin |
| BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT 508; and CHRISTOPHER MAGANA, | |
| Defendants. | |

### MEMORANDUM OPINION AND ORDER

Charles Wilson alleges that his employer and supervisor discriminated and retaliated against him based on his race and age. Defendants have moved to dismiss most of his claims pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 19. That motion is granted.

### Legal Standard

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

Wilson is Black and was born in 1963. In 2015, he started working as an engineer for the City Colleges of Chicago—which is the more common name of defendant Trustees of Community College District 508.

One of Wilson's colleagues was defendant Christopher Magana. Wilson alleges that Magana "would question Wilson as he performed his job and would yell at him to do different tasks." R. 1 ¶ 10. Wilson complained about Magana's conduct to his supervisor, the Chief Engineer, sometime before 2017.

When Wilson's supervisor retired, Magana was promoted to Assistant Chief Engineer. Magana continued to "yell at Wilson for no reason and [to] give him extra work." *Id.* ¶ 17.

Wilson complained to the new Chief Engineer. Wilson alleges the Chief Engineer responded by giving Wilson additional work, including some work that was

Magana's responsibility. *See id.* ¶ 19. Wilson was also denied use of a vehicle to get around campus. *Id.* ¶ 20.

In February 2019, Magana was promoted to Chief Engineer. Magana changed Wilson's hours, gave Wilson additional work, removed personal items from Wilson's locker, and denied Wilson use of an office space. Wilson alleges that he complained about these actions to the City Colleges' management and human resources department.

Wilson brings the following claims: Count I for race discrimination in violation of Title VII; Count II for violation of the Age Discrimination in Employment Act ("ADEA"); Count III for willful violation of the ADEA; Count IV for retaliation in violation of Title VII; Count V for discrimination in violation of the Illinois Human Rights Act ("IHRA"); Count VI for retaliation in violation of the IHRA; Count VII for race discrimination in violation of Section 1983; and Count VIII for violation of the Occupational Safety and Health Act ("OSHA"). Wilson has voluntarily dismissed his OSHA claim, *see* R. 25 at 3 (¶ 6), and Defendants move to dismiss all but Count IV, the Title VII retaliation claim.

**Analysis**

**I. Service**

Defendants first argue that the claims against Magana should be dismissed for untimely service. Federal Rule of Civil Procedure 4(m) requires service within 90 days of filing the complaint. Wilson filed this case on August 5, 2020. He did not serve Magana until February 19, 2021, more than 90 days later.

Rule 4(m) requires a court to dismiss "without prejudice" an action not timely served "or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The Seventh Circuit has explained that this means that the Court *must* extend the time for service if good cause is shown, and "*may* in its discretion grant an extension" otherwise. *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998) (emphases added).

At a hearing on February 22, 2021, Wilson's counsel conceded that Wilson had not attempted personal service on Magana but had only attempted to serve him by sending a waiver request to his employer. Magana's counsel told opposing counsel that "the employer will usually accept service for their employee." R. 20-1 at 2. But expectation of a supposedly common courtesy does not absolve a plaintiff from ensuring that he has satisfied his legal obligations. And Wilson only cursorily argues that there is good cause for the failure to serve due to "issues related to COVID-19." R. 26 at 6. That one sentence is not sufficient to establish good cause.

Nevertheless, Defendants do not explain why the Court should not exercise its discretion to find that Wilson's late service on Magana is sufficient in this case. Even if the Court were to dismiss Wilson's claims against Magana, he would simply refile them and again serve Magana at his home. Perhaps dismissal would implicate the statute of limitations for some of the claims. But Defendants do not make this argument, so the Court does not consider the issue further. Additionally, the return of service document indicates that the process server was confronted with somewhat

hostile behavior from residents at Magana's home, *see* R. 16 at 2, so the Court is reluctant to require another similar interaction. Therefore, the Court extends the time for service of Magana to include February 19, 2021, the day he was served.

## II.    IHRA Claims

Defendants next argue that Wilson failed to administratively exhaust his IHRA claims. Wilson contends that he received a right to sue letter from the Illinois Department of Human Rights ("IDHR"), citing "Exhibit C" to his complaint. *See* R. 1 ¶ 62; R. 26 at 10. But his complaint does not include an "Exhibit C," *see* R. 1, and Wilson does not appear to have provided a IHRA right to sue letter anywhere else in the record. Furthermore, Defendants attached to their brief a letter from the IDHR stating that Wilson withdrew his IHRA claims. *See* R. 20-2 at 2. Therefore, the state law claims are dismissed without prejudice.

## III.    Title VII & ADEA Claims Against Magana

Individuals are not proper defendants under either Title VII or the ADEA. *See Robertson v. Dep't of Health Servs.*, 949 F.3d 371, 375 (7th Cir. 2020) (Title VII); *Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 610 n.2 (7th Cir. 2001) (ADEA). Therefore, the claims against Magana under those statutes are dismissed with prejudice.

## IV.    Adverse Action

### A.    Conditions of Employment

In the context of a discrimination claim, an adverse action is "a materially adverse change in the terms and conditions of employment [that is] more

disruptive than a mere inconvenience or an alteration of job responsibilities." *Alamo v. Bliss*, 864 F.3d 541, 552 (7th Cir. 2017). This is so for the Title VII, ADEA, and Section 1983 claims against the City Colleges and the remaining Section 1983 claim against Magana. *See Fields v. Bd. of Educ. of City of Chicago*, 928 F.3d 622, 625 (7th Cir. 2019) (Title VII and ADEA standards are the same); *Sommerfield v. Knasiak*, 967 F.3d 617, 622 (7th Cir. 2020) (Title VII and Section 1983 standards are the same). "Such actions include: (1) diminishing an employee's compensation, fringe benefits, or other financial terms of employment, including termination; (2) reducing long-term career prospects by preventing him from using the skills in which he is trained and experienced, so that the skills are likely to atrophy and his career is likely to be stunted; and (3) changing the conditions in which [an employee] works . . . in a way that subjects him to a humiliating, degrading, unsafe, unhealthful, or otherwise significantly negative alteration in his workplace environment." *Alamo*, 864 F.3d at 552.

Wilson's allegations do not reach this level. He alleges that he was yelled at, was given extra work assignments, was denied use of a vehicle and an office, and had personal items removed from his locker. These actions amount to unpleasant, but relatively minor inconveniences and alterations of job responsibilities. *See Appleton v. City of Gary*, 781 F. App'x 501, 504 (7th Cir. 2019) ("General hostility," unpleasantness, or inter-employee disputes . . . do not constitute adverse actions."). As such, they do not state a claim for discrimination.

In his brief, Wilson highlights that he also alleges he was "pushed." *See* R. 1 ¶ 50(d). This is the only allegation of physical harassment in Wilson's complaint and it includes no detail. Being physically assaulted is a much more serious allegation than any of the other allegations in Wilson's complaint, such that the Court would expect Wilson to include more detail about it, particularly who pushed him. Without such detail, the allegation is not well-pled and cannot serve to establish a claim of discrimination.[1]

## B.     Failure to Promote

Wilson also alleges that the City Colleges took an adverse action against him by failing to promote him. An employer's decision not to promote an employee is discriminatory when the employee establishes that "(1) [he] was a member of a protected class; (2) [he] was qualified for the position sought; (3) [he] was rejected for the position; and (4) the employer promoted someone outside of the protected class who was not better qualified for the position." *Riley v. Elkhart Cmty. Sch.*, 829 F.3d 886, 892 (7th Cir. 2016). To survive a motion to dismiss, "an employment discrimination plaintiff need not plead a prima facie case of discrimination." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002). But the plaintiff must plead that he applied for a position, was qualified for it, and that the

---

[1] Wilson also alleges that Defendants permitted vehicles to be driven into the boiler room creating the conditions for an explosion. Wilson made this allegation in context of the OSHA claim he conceded. He does not allege that vehicles were driven into the boiler room because of his race or age, so that allegation does not support his discrimination claims.

job went to someone else because of the plaintiff's protected characteristic. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008).

Here, Wilson alleges he applied for and was denied a promotion, and that his "race and his age were a factor in [the] decision." R. 1 ¶ 29. Wilson also alleges that he "performs his job in a diligent and skillful manner." *Id.* ¶ 8. But the allegation that Wilson performs his current position well does not amount to an allegation that he was qualified to be promoted to a higher position. Without that allegation, Wilson has failed to state a claim for failure to promote

Wilson argues that "no such specific factual allegation is required." R. 26 at 8. But he supports this argument with citation to cases decided prior to the Supreme Court's reinterpretation of federal pleadings standards in the *Twombly* and *Iqbal* cases, which require "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Wilson has not alleged facts that permit the Court to reasonably infer that he was qualified for the promotion he sought. *See Boucher*, 880 F.3d at 366 ("'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"). Therefore, his failure to promote claim is dismissed.

## V.     State Actors

In addition to arguing that Wilson failed to allege an adverse action, Defendants alternatively sought dismissal of the Section 1983 claims arguing that Wilson did not plausibly allege that Defendants are state actors, as is required under

Section 1983. S*ee* R. 20 at 11. Wilson simply alleged that Defendants were "acting under color of state law," R. 1 ¶ 77, and Defendants argue that this is insufficient because it does not allege "the factual underpinnings" of his claim, *see* R. 20 at 11. Defendants also argue that Wilson conceded this argument by failing to address it in his brief. *See* R. 27 at 9.

The Court's finding that Wilson failed to allege an adverse action makes it unnecessary for the Court to reach this issue. But in case it becomes relevant again should Wilson replead his claims, the Court notes its skepticism of Defendants' argument. It appears uncontroversial that a publicly funded university and its employees are state actors for purposes of Section 1983. *See Cole v. Bd. of Trustees of N. Illinois Univ.*, 838 F.3d 888, 895 (7th Cir. 2016) ("the university and its employees are state actors"); *Brown v. William Rainey Harper Coll.*, 2017 WL 3278822, at *3 (N.D. Ill. Aug. 1, 2017) ("As a state community college, the College is likely a state actor for [Section 1983 discrimination claim] purposes."). And community colleges are generally publicly funded. The Court does not believe that Wilson needs to have alleged anything more than that the Community Colleges are state actors to make that allegation plausible.

**Conclusion**

Therefore, Defendants' motion to dismiss [19] is granted in that all claims but the Title VII retaliation claim against the City Colleges are dismissed. The Title VII and ADEA claims against Magana are dismissed with prejudice. All other claims are dismissed without prejudice to refiling in an amended complaint. The parties should

file a joint status report by May 12, 2021 proposing a discovery schedule, stating whether Wilson intends to file an amended complaint, and whether the status hearing set for May 24, 2021 continues to be necessary.

ENTERED:

_Thomas M. Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: April 28, 2021